## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

| | | |
|---|---|---|
| BOBBY WASHINGTON, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 3:13CV00257-JJV |
| Commissioner, Social Security | * | |
| Administration | * | |
| | * | |
| Defendant. | * | |

## ORDER

Defendant has filed a Motion to Reverse and Remand In Part (Doc. No. 12) this case pursuant to sentence four of 42 U.S.C. § 405(g) (1995):

> The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g) (1995).

The Commissioner seeks remand for further development of the record and to issue a new decision on the adult claim in this case. (Doc. No. 13.) However, the Commissioner believes substantial evidence supports the child disability claim and wishes to only remand the adult portion of the case. (*Id.*) Plaintiff opposes bifurcating the case and seeks remand of both claims. (Doc. No. 14.)

Under the circumstances, a sentence four remand is appropriate. *Buckner v. Apfel*, 213 F.3d 1006, 1010-11 (8th Cir. 2000). And after careful consideration of the pleadings, the Court concludes that both the adult and child claims should be remanded.

Accordingly, the Commissioner's decision is reversed and remanded for action consistent with this Order.  This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 19th day of June, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE